Cruz v. Holder

BIA
Verrillo, IJ
A094 434 642

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT:
    GUIDO CALABRESI,
    JOSÉ A. CABRANES,
    ROBERT D. SACK,
        *Circuit Judges.*

_____

SAMUEL CRUZ,
        *Petitioner,*

            v.                                    13-329
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Milagros S. Cruz, Hartford, CT.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; William C. Minick, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Samuel Cruz, a native and citizen of El Salvador, seeks review of a January 4, 2013, order of the BIA affirming the April 6, 2011, decision of an Immigration Judge ("IJ") which pretermitted his asylum application and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Samuel Cruz*, No. A094 434 642 (B.I.A. Jan. 4, 2013), *aff'g* No. A094 434 642 (Immig. Ct. N.Y. City Apr. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Asylum**

Cruz argues that he established changed and extraordinary circumstances excepting his asylum application

2

from the one-year filing deadline.  We lack jurisdiction to review the pretermission of Cruz's asylum application because he fails to raise a colorable constitutional claim or question of law.  8 U.S.C. § 1158(a)(2)(B), (3).

**II.  Withholding of Removal**

The agency reasonably found that Cruz failed to establish that he would be persecuted on account of his membership in a particular social group, which he defines as U.S. deportees perceived to be wealthy.  To establish eligibility for withholding of removal based on a social group, an applicant must establish both that the group itself was cognizable, *see Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007), and that his membership in that group, and not some other factor, is a central reason why he was or will be targeted for persecution, *see Matter of C-T-L-*, 25 I. & N. Dec. 341, 344-46 (BIA 2010) (extending the "one central reason" standard to withholding of removal).

Harm motivated purely by wealth is not persecution. *See Ucelo-Gomez*, 509 F.3d at 73.  Contrary to Cruz's argument, the IJ was not required to consider the specific circumstances of El Salvador because, as a matter of law, a social group is insufficiently particular or socially

3

visible when the defining characteristic of its members is their perceived wealth.  *See id.*

Cruz also argues for the first time that he established a likelihood of persecution based on gang members' belief that he shared a friend's anti-gang opinion.  However, he failed to exhaust that argument before the agency, and we therefore do not reach it.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

**III. CAT Relief**

Cruz argues that the IJ erred by determining that gang violence did not constitute torture and in denying CAT relief on that basis.  To the contrary, the IJ considered the evidence of gang violence, but reasonably concluded that Cruz did not establish a likelihood of torture, particularly in light of his testimony that his family remained unharmed in El Salvador.  *See* 8 C.F.R. §§ 1208.16(c), 1208.17 (requiring a showing of a likelihood of torture); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where alien's similarly situated relatives continued to live in alien's native country, claim of future fear of harm was diminished).

For the foregoing reasons, the petition for review is DISMISSED to the extent it challenges the pretermission of Cruz's asylum application and DENIED regarding withholding of removal and CAT relief.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk